## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

PERFORMANCE SOLUTIONS
LLC, 321 HOLDINGS, and HALCYON
BRAND SERVICES INC.                                                    CIVIL ACTION

VERSUS                                                                          20-797-SDD-RLB

SEA TIES, LLC

## RULING

This matter is before the Court on the *Renewed Motion to Stay Proceedings*[1] filed by Defendant, Sea Ties, LLC ("Sea Ties"). Plaintiffs Performance Solutions, LLC; 321 Holdings; and Halcyon Brand Services (collectively "Plaintiffs") filed an *Opposition*,[2] to which Sea Ties filed a *Reply*.[3] For the following reasons, Sea Ties' *Motion*[4] shall be granted.

## I.    BACKGROUND

The Court summarized the facts of this patent infringement and business tort dispute in a prior *Ruling*.[5] Plaintiffs assert twelve causes of action. Plaintiffs ask the Court to declare that Sea Ties has infringed on Plaintiffs' patents; that Plaintiffs have not infringed on Sea Ties' patents, and those patents are invalid; and that Sea Ties, either individually or through its agents, has: violated false advertising and unfair competition

---

[1] Rec. Doc. No. 93.
[2] Rec. Doc. No. 108.
[3] Rec. Doc. No. 109.
[4] Rec. Doc. No. 93.
[5] Rec. Doc. No. 59.

laws, tortiously interfered with Plaintiffs' contracts and prospective business opportunities, and asserted a bad faith claim for patent infringement.[6]

Within ten days of Plaintiffs filing suit, a third-party filed *ex parte* reexamination requests with the United States Patent and Trademark Office ("the PTO"). *"[E]x parte* reexamination is a curative proceeding meant to correct or eliminate erroneously granted patents."[7] The PTO granted the requests as to all claims in all four of Plaintiffs' patents.[8] On December 10, 2021, the PTO issued final office actions canceling all of the claims in all of Plaintiffs' patents.[9] As Plaintiffs point out, they maintain the right to respond to, and if necessary, appeal those decisions.[10]

The United States Court of Appeals for the Federal Circuit has provided guidance in this area. In *Fresenius USA, Inc. v. Baxter Intern., Inc.*, the Federal Circuit held that "the reexamination statute restricts a patentee's ability to enforce the patent's original claims to those claims that survive reexamination in identical form."[11] Moreover, "[e]ven if the claim is amended during reexamination to render the claim valid, no suit can be maintained for the period prior to the validating amendment."[12] "[I]n general, when a claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot."[13] This is the case even if a court or jury has conclusively decided the validity of the patent so long as a final judgment

---

[6] See Rec. Doc. No. 76.
[7] *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1338 (Fed. Cir. 2013).
[8] Rec. Doc. No. 93-1, p. 8.
[9] Rec. Doc. No. 103, p. 7; Rec. Doc. No. 109, p. 3–4.
[10] 35 U.S.C. § 306.
[11] *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1339 (Fed. Cir. 2013) (internal citations omitted).
[12] *Id*.
[13] *Id*. at 1340.

has not been entered.[14] *Fresenius* also noted that "the language and legislative history of the reexamination statute show that Congress expected reexamination to take place concurrent with litigation, and that cancellation of claims during reexamination would be binding in concurrent infringement litigation."[15]

## II.    LAW

A district court has the inherent power to stay its proceedings. This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance."[16] Courts consider three factors when deciding whether to grant a stay pending reexamination of a patent: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) the timing of the motion.[17]

## III.    ANALYSIS

### A.    Undue Prejudice or Tactical Disadvantage

In its previous *Ruling*, the Court found that Plaintiffs had alleged that they were direct competitors with Sea Ties in the foam roller market, and therefore a presumption of undue prejudice was appropriate.[18] Sea Ties argued that it would suffer undue prejudice if the Court did not stay this litigation because it could be forced to litigate patent claims that may turn out to be invalid after the PTO's decision.[19]

The developments in the reexamination process have rendered this factor neutral.

---

[14] *Id.* at 1344–45.
[15] *Fresenius USA,* 721 F.3d at 1339.
[16] *Landis v. No. American Co.*, 299 U.S. 248, 254–55 (1936).
[17] *KIPB LLC v. Samsung Elecs.*, 2019 WL 6173365, at *1 (E.D. Tex. Nov. 20, 2019).
[18] Rec. Doc. No. 59, p. 8 (citing *ADA Sols., Inc. v. Engineered Plastics, Inc.*, 826 F. Supp. 2d 348, 351 (D. Mass. 2011)).
[19] *Id.* at 7.

While it remains true that Plaintiffs could potentially suffer undue prejudice, it has also become far more likely that Sea Ties may be forced to litigate patent claims that are later found to be invalid. In its prior *Ruling*, the Court noted that the statistics cited by the parties indicated that it was unlikely that all of Plaintiff's patents would be invalidated during the reexamination process.[20] Circumstances have changed. At the current juncture, barring a reversal of the PTO's decision, the continuation of this case would result in Sea Ties litigating patents that will be invalidated. This result would not be conducive to judicial economy and would prejudice Sea Ties. As such, the risk of undue prejudice falls equally on all parties, and this factor is neutral.

### B.  Simplification of the Issues

In its prior *Ruling*, the Court held that this factor weighed in favor of denying a stay for two reasons. First, it appeared unlikely that all of Plaintiffs' patents would be invalidated.[21] Second, even if the patents were invalidated, Plaintiffs would still have had seven other causes of action that were not dependent on the patents.[22] Now, Plaintiffs' patents appear likely to be invalidated. However, Plaintiffs also added another non-patent cause of action in the *Amended Complaint*.[23]

Given the treacherous footing Plaintiffs' patents now stand on, it is beyond dispute that staying this case has a strong potential to simplify the issues—notwithstanding Plaintiffs' non-patent causes of action. Additionally, if Plaintiffs' patents are invalidated, case management will be greatly simplified. This factor weighs in favor of a stay.

---

[20] Rec. Doc. No. 59, p. 12.
[21] *Id*.
[22] *Id*.
[23] Rec. Doc. No. 76, p. 68–70; Rec. Doc. No. 103, p. 7.

### C.  Timing of the Motion

The rationale behind this factor is that a stay becomes more costly to the parties and the Court as the case progresses.[24] While this case has progressed considerably since Sea Ties' last *Motion to Stay*, the Court has not held a *Markman* hearing, fact discovery has not closed, the deadline for summary judgment and *Daubert* motions is roughly eight months away, and trial is set for March 2023.[25] This factor weighs in favor of a stay.

## IV.    CONCLUSION

In its prior *Ruling*, the Court noted that resolution of the original *Motion to Stay* depended on "balancing uncertainties."[26] At this juncture, there are still uncertainties. However, the viability of Plaintiffs' patent infringement causes of action has now been strongly called into question. By the same token, the potential that Sea Ties will be unduly prejudiced by having to defend those patent infringement causes of action has grown. The reexamination appears likely to simplify some issues, and this case is still in a relatively early stage.

Further, there is a parallel case in the District of Hawaii.[27] The Hawaii case concerns the same patents and has been stayed.[28] Since that case has been stayed, continuing this case creates the potential for inconsistent decisions among this Court, the Hawaii court, and the PTO. In the current procedural posture, the Court deems it

---

[24] *Sunbeam Prod., Inc. v. Hamilton Beach Brands, Inc.*, 2010 WL 1946262, at *3 (E.D. Va. May 10, 2010).
[25] Rec. Doc. No. 83, p. 3–5
[26] Rec. Doc. No. 59, p. 13.
[27] *Performance Sols., LLC v. Ron Johnson Eng'g, Inc.*, 2021 WL 1240624 (D. Haw. Apr. 2, 2021).
[28] *Id*. at *3.

efficacious to grant Sea Ties' *Renewed Motion to Stay.*[29] As the reexamination process

continues, Plaintiffs may file a *Motion* to lift the stay should it become appropriate.

For the foregoing reasons, Sea Ties' *Renewed Motion to Stay*[30] is granted.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on February 18, 2022.

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[29] Rec. Doc. No. 93.
[30] *Id*.

Document Number: 70515