UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| PERFORMANCE SOLUTIONS LLC, 321 HOLDINGS, and HALCYON BRAND SERVICES INC. | CIVIL ACTION |
| VERSUS | 20-797-SDD-RLB |
| SEA TIES, LLC | |

### RULING

This matter is before the Court on the Motion to Lift Stay and Reopen Proceedings ("Motion to Lift Stay")[1] filed by Plaintiffs Performance Solutions, L.L.C. ("Performance Solutions"), 321 Holdings, L.L.C. ("321 Holdings"), and Halcyon Brand Services, Inc. ("Halcyon") (collectively, "Plaintiffs"). Defendant Sea Ties, L.L.C. ("Sea Ties") opposes.[2] Plaintiff replied.[3]

For the following reasons, Plaintiffs' Motion to Lift Stay[4] shall be denied.

### I.  BACKGROUND

This action arises from a patent infringement and business tort dispute over foam massage roller patents, as summarized by this Court in a prior Ruling.[5] Plaintiffs assert twelve causes of action against Sea Ties.[6] Plaintiffs ask the Court to declare that Sea Ties has infringed on Plaintiffs' patents; that Plaintiffs have not infringed on Sea Ties'

---

[1] Rec. Doc. 117.
[2] Rec. Doc. 118.
[3] Rec. Doc. 123.
[4] Rec. Doc. 117.
[5] Rec. Doc. 59.
[6] Rec. Doc. 76 at ¶¶108-195.

patents, and those patents are invalid; and that Sea Ties, either individually or through its agents, has: violated false advertising and unfair competition laws, tortiously interfered with Plaintiffs' contracts and prospective business opportunities, and asserted a bad faith claim for patent infringement.[7]

On December 8, 2021, Sea Ties sought a stay pending the earlier of the United States Patent and Trademark Office ("USPTO") determining that at least one original claim in any of the Plaintiffs' Asserted Patents will survive reexamination, or the Court deciding the jurisdictional and pleading issues raised in Sea Ties' Motion to Dismiss.[8] This Court entered a stay on February 18, 2022 and administratively closed this action on the basis that the viability of Plaintiffs' patent infringement has been strongly called into question and the potential undue prejudice on Sea Ties having to defend the action has grown.[9] And the Court acknowledged that reexamination may clarify some issues in the present litigation.[10]

Plaintiffs now seek to lift the stay and reopen proceedings.[11] At the time, Plaintiffs asserted that the USPTO completed its reexaminations of the Asserted Patents.[12] Plaintiffs stated that all 70 original claims in the four Asserted Patents were found valid and an additional 37 new claims were found valid for 107 total claims.[13] Plaintiffs asserted the reexaminations resulted in appeals filed by Performance Solutions to the USPTO Patent Trial and Appeal Board ("PTAB"), which reversed the Examiner's rejections in all

---

[7] Rec. Doc. 76.
[8] Rec. Doc. 93.
[9] Rec. Doc. 114 at p. 5.
[10] *Id.*
[11] Rec. Doc. 117.
[12] *Id.* at p. 1.
[13] *Id.*

four reexaminations.[14]  Within a week after the USPTO issued a Certificate of Reexamination for the '167 Patent, Sea Ties filed a new petition for its reexamination.[15]  On April 16, 2024, the USPTO denied Sea Ties' petition for reexamination of the '167 Patent.[16]  On May 10, 2024, Plaintiffs sought to lift this Court's stay, asserting there is no other basis for a continued stay of the proceedings and the disputes remain.[17]

Sea Ties opposes, asserting Plaintiffs misrepresent that the reexamination of all four of Plaintiffs' Asserted Patents were "completed."[18]  Specifically, Sea Ties represents that three new reexaminations were filed prior to Plaintiffs' filing the instant motion.[19]  Moreover, Sea Ties asserts that the original reexamination of the fourth Asserted patent (the '112 Patent) was still pending at the time Plaintiffs filed their motion.[20]  Sea Ties contends the circumstances have not changed and that the viability of Plaintiffs' patent infringement causes of action remain in question and that Sea Ties would be unduly prejudiced to defend the allegations because the USPTO has not had the opportunity to consider information material to the patentability of the Asserted Patents.[21]

Plaintiffs replied with the filing of a Notice of Recent Decision on June 14, 2024 in the Southern District of New York issuing a preliminary injunction against PowX Inc. allegedly relating to the same four patents asserted here.[22]

However, Sea Ties replied with a Notice of Recent Decision, establishing that, on

---

[14] *Id.*
[15] *Id.* at p. 2.
[16] *Id.*
[17] *Id.*
[18] Rec. Doc. 118.
[19] *Id.* at pp. 1-2.
[20] *Id.* at p. 1.
[21] *Id.* at pp. 4-5.
[22] Rec. Doc. 126 (citing *PowX Inc. v. Performance Solutions, L.L.C.*, No. 24-CV-01389 (MMG), 2024 WL 3010040 (S.D.N.Y. June 14, 2024)).

August 20, 2024, the USPTO Central Reexamination Unit granted reexamination as to the '112 patent based on a substantial new question of patentability affecting claims 1-23 of the '112 patent.[23] The USPTO also denied the last of four of Plaintiffs' Petitions.[24] Sea Ties represents that the USPTO continues to reexamine all claims in all of Plaintiffs' Asserted Patents, including new claims added during the first set of reexaminations.[25] Thus, Sea Ties asserts the circumstances have not changed in this case to warrant reopening litigation.[26]

## II.    LAW AND ANALYSIS

A district court has the inherent power to stay its proceedings. This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance."[27] In determining whether to stay litigation pending reexamination of a patent: courts consider: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) the timing of the motion including whether discovery is complete and whether a trial date has been set.[28]

As noted in the current stay Order, "*ex parte* reexamination is a curative proceeding meant to correct or eliminate erroneously granted patents."[29] The United States Court of Appeals for the Federal Circuit has provided guidance in this area. In *Fresenius USA, Inc. v. Baxter Intern., Inc.*, the Federal Circuit held that "the reexamination

---

[23] Rec. Docs. 136, 137, 138, 138-1 at p. 4.
[24] Rec. Doc. 136-1.
[25] *Id.* at p. 2.
[26] *Id.*
[27] *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).
[28] *KIPB LLC v. Samsung Elecs.*, No. 2:19-CV-00056-JRG-RSP, 2019 WL 6173365, at *1 (E.D. Tex. Nov. 20, 2019).
[29] *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1338 (Fed. Cir. 2013).

statute restricts a patentee's ability to enforce the patent's original claims to those claims that survive reexamination in identical form."[30] Moreover, "[e]ven if the claim is amended during reexamination to render the claim valid, no suit can be maintained for the period prior to the validating amendment."[31] "[I]n general, when a claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot."[32] This is the case even if a court or jury has conclusively decided the validity of the patent so long as a final judgment has not been entered.[33] *Fresenius* also noted that "the language and legislative history of the reexamination statute show that Congress expected reexamination to take place concurrent with litigation, and that cancellation of claims during reexamination would be binding in concurrent infringement litigation."[34]

Here, for the same reasons previously stated by this Court in its prior Ruling,[35] maintaining a stay of this action is warranted pending the reexamination proceedings.[36] The viability of Plaintiffs' patent infringement causes of action remain in question, and the undue prejudice on Sea Ties to defend infringement causes of action on a potentially invalid patent is substantial.[37] It is also likely that the reexamination will eliminate, simplify, or narrow the issues before the Court.

"Courts have inherent power to manage their dockets and stay proceedings,

---

[30] *Id.* at 1339.
[31] *Id.*
[32] *Id.* at 1340.
[33] *Id.* at 1344–45.
[34] *Id.* at 1339.
[35] Rec. Doc. 114.
[36] *Id.*
[37] Notably, the stay also remains in the parallel case in the District of Hawaii, *Performance Sols., L.L.C. v. Ron Johnson Eng'g, Inc.*, No. 20-CV-00498-SASP-RT (D. Haw. Apr. 2, 2021), which this Court previously referenced.

including the authority to order a stay pending conclusion of a PTO reexamination."[38] As elucidated by the Federal Circuit: "[o]ne purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)."[39] A stay pending final resolution of the reexamination proceedings would simplify the issues in question and trial and should be maintained until completion of those proceedings as the factors still militate in favor of a stay.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Lift Stay[40] is denied. Upon final exhaustion of the pending reexamination proceedings, including any appeals, the parties may move to reopen the case should any claims remain.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on January 15, 2025.

*[signature: Shelly D. Dick]*

**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[38] *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (internal citations omitted).
[39] *Gould v. Control Laser Corp.,* 705 F.2d 1340, 1342 (Fed.Cir. 1983)
[40] Rec. Doc. 117.